ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| RAFAEL ÁNGEL MELÉNDEZ PACHECO Y OTROS<br><br>Demandantes-Peticionarios<br><br>v.<br><br>FULANO DE TAL Y OTROS<br><br>Demandados | KLAN202400675 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. FA2024CV00094<br><br>Sobre: Cancelación o Restricción de Pagaré Extraviado |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

I.

Luego de que el 29 de enero del 2024 los señores Rafael Ángel Meléndez Pacheco y Rosaida Martínez Fontán presentaran *Demanda de Cancelación de Hipoteca por Pagaré Extraviado* en el Tribunal de Primera Instancia, el 1 de febrero de 2024 el Tribunal de Primera Instancia le ordenó incluir como partes indispensables a los anteriores acreedores.

Denegada la *Moción de Reconsideración* el 20 de febrero de 2024, el Tribunal recurrido le ordenó a los señores Meléndez Pacheco y Martínez Fontán a que, en cinco (5) días perentorios, cumplieran con la Orden del 1 de febrero de 2024 y con la Regla 122.1 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico (Reglamento Inmobiliario), so pena de desestimar la causa de acción.

El 13 de mayo de 2024, los señores Meléndez Pacheco y Martínez Fontán solicitaron al Tribunal de Primera Instancia que

Número Identificador

SEN2024_____

reconsiderara su Orden del 20 de febrero de 2024. En la *Moción* destacaron que el *Pagaré* se les extravió a ellos luego de que los anteriores acreedores se lo enviaran, por lo que no procedía incluir a dichos anteriores acreedores como parte indispensable. Expresaron, además, no haber incertidumbre o controversia sobre que el *Pagaré* [no] se extravió en poder de los anteriores acreedores. No obstante, el mismo 13 de mayo de 2024 el Tribunal de Primera Instancia dictó Orden para que los señores Meléndez Pacheco y Martínez Fontán, en un plazo perentorio de diez (10) días, enmendaran la *Demanda* y cumplieran con la Regla 13.1 de Procedimiento Civil, con evidencia de lo alegado en la alegación seis de la *Demanda*.

El 17 de mayo de 2024, los señores Meléndez Pacheco y Martínez Fontán presentaron *Demanda Enmendada* bajo juramento y el Anejo del pago final que les envió el acreedor hipotecario. En la *Demanda Enmendada* alegaron que el *Pagaré* se les extravió a ellos (los señores Meléndez Pacheco y Martínez Fontán) y sus gestiones para localizarlo han resultados infructuosas.

El 4 de junio de 2024, notificada el 5, el Tribunal de Primera Instancia declaró No Ha Lugar la *Demanda Enmendada* y nuevamente le concedió término perentorio de cinco (5) días para presentar *Demanda* de conformidad con la Regla 122.1 del Reglamento Inmobiliario. Les advirtió que de no cumplir con la Orden desestimaría la *Demanda* por falta de partes indispensables.

El 14 de junio de 2024, los señores Meléndez Pacheco y Martínez Fontán presentaron *Moción de Reconsideración*. En ella aclararon que, por error en la alegación número cuatro (4) de la *Moción de Reconsideración* del 13 de mayo de 2024, el abogado omitió el "NO" y, que el *Pagaré* no se extravió en poder de los anteriores dueños y poseedores del instrumento negociable.

El 17 de junio de 2024 el Tribunal de Primera Instancia se negó a reconsiderar y dictó *Sentencia* desestimatoria de la *Demanda* por no cumplir con la Regla 122.1 del Reglamento Inmobiliario. Como fundamento adicional de su dictamen, el Foro *a quo* dispuso que no se había emplazado en el término de 120 días improrrogables.[1]

Evidentemente inconformes, el 16 de julio de 2024, los señores Meléndez Pacheco y Martínez Fontán recurrieron ante esta Curia en Recurso de Apelación. Plantean:

A. Primer Señalamiento.
Cometió grave error el Honorable Tribunal De Primera Instancia al interpretar incorrectamente la regla 122.1 del Reglamento de la Ley del Registro Inmobiliario que dispone incluir partes indispensables cuando sea poseedores de instrumentos negocia[b]les que se le hayan extraviado y en el presente caso se les extravió a los demandantes apelantes que no son acreedores, sino dueños.

B. Segundo Error.
Cometió grave error de derecho el Honorable Tribunal De Primera Instancia al dictar una Sentencia de desestimación sin Perjuicio de conformidad con la Regla 4.3 (c) del [sic] Procedimiento Civil de 2009 sin haber transcurrido los 120 días y sin haberse expedido emplazamiento.

II.

En su primer planteamiento, el señor Meléndez Pacheco y la señora Martínez Fontán imputan error al Tribunal de Primera Instancia al requerirle incluir como partes indispensables a los anteriores acreedores a pesar de que, a quienes se les extravió el *Pagaré* fue a ellos que no son acreedores, sino dueños. El error no se cometió. Veamos por qué.

---

[1] El dictamen desestimatorio se emitió sin perjuicio al amparo de la Regla 4.3 de Procedimiento Civil de Puerto Rico de 2009, según enmendada.

El Art. 122 de la Ley Núm. 210-2015, conocida como la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,[2] dispone:

> Si todos o algunos de los instrumentos negociables se extraviaron o fueron destruidos, únicamente podrán cancelarse dichas inscripciones mediante la presentación de la sentencia final y firme debidamente certificada en la que se declaren extinguidas las obligaciones representadas por los referidos instrumentos.[3]

Por otro lado, la Regla 92.4 del Reglamento Inmobiliario, fija el procedimiento a seguir en las instancias en que un instrumento negociable se ha extraviado sin que la obligación se haya extinguido. A esos efectos, el estatuto señala:

> En caso de extravío o destrucción del instrumento negociable sin que se hayan extinguido las obligaciones representadas, se llevará el procedimiento según lo dispuesto en la Regla 122.1 de este [Reglamento Inmobiliario]. Probados los hechos alegados, la sentencia o resolución que emita el Tribunal dispondrá para el otorgamiento del instrumento negociable sustituto. Bajo ninguna circunstancia se aceptará una copia del instrumento negociable extraviado como instrumento sustituto.

Según la citada Regla 122.1 del Reglamento Inmobiliario:

> Cuando se haya extraviado el instrumento negociable garantizado con hipoteca o alguno de ellos, de ser varios, se instará acción judicial contra el último poseedor conocido de los instrumentos extraviados, y cualquier poseedor desconocido. Cuando el último acreedor conocido es una persona distinta a la que surge del Registro, también se deberá demandar y emplazar a éste. El Tribunal ordenará la publicación de edictos con arreglo a las normas de procedimiento civil vigentes. El edicto deberá contener el número de finca y sus datos registrales, datos de la escritura mediante la cual se constituyó la hipoteca y datos del instrumento negociable extraviado incluyendo el principal y el número de testimonio en virtud del cual quedó notarizado.
> Deberá alegarse y probarse que el crédito fue satisfecho y que los instrumentos se extraviaron. Si éstos nunca salieron de manos del deudor, se probará este hecho a satisfacción del Tribunal, iniciándose en este caso la acción judicial sólo contra personas desconocidas posibles poseedoras de los títulos extraviados.

---

[2] 30 LPRA § 6172.
[3] *Íd.*

Sobre quién debe ser considerado el último poseedor del pagaré extraviado, en *Popular Mortgage, Inc.* v. *Hon. Ariel Colón Clavell*, 181 DPR 625 (2011),[4] el Tribunal Supremo de Puerto Rico concluyó que la intención del legislador al establecer un procedimiento para la cancelación de hipotecas en garantía de un pagaré extraviado o destruido fue asegurarles **a quienes pudieran ser tenedores del pagaré extraviado o destruido, que sus derechos garantizados por el Registro de la Propiedad no se cancelarían sin su consentimiento**.[5] Por tanto, determinó que, donde el entonces vigente Art. 131.1 del Reglamento Inmobiliario (ahora Regla 122.1) aludía "al último poseedor conocido y cualquier poseedor desconocido del pagaré extraviado, **debe entenderse que se refiere al último tenedor conocido y cualquier tenedor desconocido del instrumento extraviado**".[6]

Al definir el término "tenedor" respecto a un instrumento negociable expuso que se trata de "la persona en posesión del mismo si el instrumento es pagadero al portador o, en el caso de un instrumento pagadero a una persona identificada, si la persona identificada está en posesión del mismo".[7] "Es necesario, pues, que se traigan al pleito, como partes indispensables, al último acreedor conocido y al acreedor que conste en el Registro, si este último fuera una persona distinta al primero".[8]

De manera que, en casos de cancelación de pagarés extraviados el Reglamento Inmobiliario requiere: primero, instar

---

[4] En dicho caso, un matrimonio, satisfizo la deuda hipotecaria garantizada por el pagaré, el cual era a favor de *Doral Mortgage Corp.* El pagaré se le extravió al matrimonio sin haberse cancelado. Años más tarde, estos refinanciaron la propiedad con *Popular Mortgage*, quien retuvo un dinero para llevar a cabo la cancelación del pagaré extraviado. *Popular Mortgage* presentó la demanda de cancelación incluyendo al matrimonio como demandados, así como a demandados desconocidos.

[5] *Íd.* (Énfasis nuestro).

[6] *Íd.* (Énfasis nuestro).

[7] *Popular Mortgage, Inc.* v. *Hon. Ariel Colón Clavell*, 181 DPR 625, 640 (citando a la Ley Núm. 208-1995, conocida como Ley de Transacciones Comerciales, 19 LPRA § 408).

[8] *Íd.*

una acción judicial contra el último poseedor conocido de los títulos extraviados y contra cualquier poseedor desconocido; y <u>segundo</u>: ordenar la publicación de edictos con arreglo a las normas de procedimiento civil vigentes relativas a las acciones contra personas desconocidas. Ello procura afianzar la garantía constitucional de que ninguna persona sea privada de su libertad o propiedad sin el debido proceso de ley.

En lo pertinente, la Regla 4.6 de Procedimiento Civil,[9] dispone lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.
>
> La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.
> . . . .
> (c) Cuando se trate de partes demandadas desconocidas su emplazamiento se hará por edictos en conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible.[10]

---

[9] 32 LPRA Ap. V., R. 4.6.
[10] *Íd.*

III.

A.

En este caso, los señores Meléndez Pacheco y Martínez Fontán presentaron la *Demanda* el 29 de enero de 2024 y en la alegación número cinco expresaron que el *Pagaré* cuya cancelación pretendían, fue negociado por CITIBANK con Mr. Cooper, Corporación de Dallas Texas. Que para finales del año 2018 dicha Corporación le envió el *Pagaré* original de $60,000.00, con intereses al 10.00% y con vencimiento el uno (1) de diciembre de 2020, a su dirección, tras estos haber saldado la obligación prestataria, para que lo cancelaran mediante escritura pública. Alegaron que, tras recibir el susodicho *Pagaré,* se les extravió desconociéndose su paradero a pesar de las gestiones realizadas para localizarlo.

A pesar de dichas alegaciones, el Tribunal de Primera Instancia intimó que corresponde iniciar una acción judicial contra **el último poseedor conocido** de los instrumentos extraviados y cualquier poseedor desconocido. No erró al así actuar. Nos explicamos.

Independientemente de que se extravíe en manos de un acreedor, cuando se pretende cancelar un pagaré por haberse extraviado bajo el mecanismo de la Regla 122.1 del Reglamento Inmobiliario, siempre deben observarse las garantías que reduzcan los riesgos de que se cancelen derechos garantizados por el Registro de la Propiedad a los tenedores del pagaré extraviado o destruido, sin su consentimiento. La comparecencia de estos, traídos al pleito como como partes indispensables, tal y como lo ordenó el Tribunal de Primera Instancia, cumple dicho propósito. Cuando es el demandante el dueño por saldo y entrega, a quien se le envió el pagaré estando en su poder, no altera la norma.

B.

En su segundo señalamiento de error, los señores Meléndez Pacheco y Martínez Fontán imputan al Tribunal de Primera Instancia cometer grave error de derecho por haber desestimado la demanda sin perjuicio de conformidad con la Regla 4.3 del Procedimiento Civil de 2009,[11] sin haber transcurrido los ciento veinte (120) días y sin haberse expedido emplazamiento. Veamos.

La Regla 4.3 (c) de Procedimiento Civil del 2009,[12] dispone lo siguiente:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgaran para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho termino sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[13]

Ciertamente, los señores Meléndez Pacheco y Martínez Fontán no enmendaron la *Demanda* de manera oportuna a tenor con las exigencias de la aludida Regla 122.1 del Reglamento Inmobiliario para traer al pleito a parte indispensable. Por tal razón, el Foro primario nunca expidió los emplazamientos correspondientes conforme a la Regla 4.3 (c) de Procedimiento Civil.[14] Habiendo falta de parte indispensable, procedía la desestimación de la *Demanda* por falta de jurisdicción y no, por haber transcurrido el término aplicable para el pertinente diligenciamiento.

---

[11] 32 LPRA Ap. V., R. 4.3.
[12] *Íd.*
[13] *Íd.*
[14] *Íd.*

IV.

En atención a que la revisión se da contra el dictamen y no contra sus fundamentos,[15] se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] *Miranda Rivera* v. *ELA*, 132 DPR 829 (1993); *Toledo* v. *Cartagena Ortiz*, 132 DPR 249 (1992); *Zorniak Air Servisces Inc.* v. *The Cessna*, 132 DPR 170 (1992); *Romany* v. *El Mundo, Inc.*, 89 DPR 604 (1963).